Larry G. Grubbs
Lynaugh, Fitzgerald, Eiselein & Grubbs
225 North 23rd Street
P. O. Box 1729
Billings, Montana 59103-1729
Telephone:  (406) 252-3461
Telecopier:  (406) 245-2660
***Attorneys for Plaintiffs***

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | | |
|---|---|---|
| SANDRA L. SMITH and ROD G. SMITH, | ) | |
| | ) | Cause No. CV-07-80-BLG-RFC-CSO |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| PAUL J. BYORTH, M.D., and | ) | **and** |
| BILLINGS OTOLARYNGOLOGY, P.C., | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

COME NOW the Plaintiffs and for their claims against the Defendants

complain and allege as follows:

I.

The Plaintiffs, Sandra L. Smith and Rod G. Smith, are and at all relevant

times were citizens of the State of Wyoming residing in Cody, Wyoming.

II.

Defendant Paul J. Byorth, M.D., is a physician specializing in otolaryngology who is and at all relevant times was a citizen of the State of Montana residing and practicing medicine in Billings, Yellowstone County, Montana.

III.

Defendant Billings Otolaryngology, P.C., is a corporation organized and existing under the laws of the State of Montana with its principal office and place of business in Billings, Yellowstone County, Montana, and is and at all relevant times was a citizen of the State of Montana.

IV.

This Court has jurisdiction of this action by virtue of 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, the amount specified in 28 U.S.C. § 1332, exclusive of interest and costs.  Venue in this Court is proper in that the Defendants' residence and principal place of business and office are in Yellowstone County, Montana.

V.

At all relevant times, Defendant Billings Otolaryngology, P.C., was acting by and through its agents and employees, including but not necessarily limited to Defendant Paul J. Byorth, M.D., who were acting within the course and scope of their duties, agency, and/or employment in providing medical and health care,

treatment, and advice to Plaintiff Sandra L. Smith, and said corporate defendant is vicariously liable for the subject negligence of its agents and employees, including Defendant Paul J. Byorth, M.D., and Plaintiffs' resultant damages.

VI.

All conditions precedent to the commencement of this action have been performed or have occurred, including the processing of an application for review of claim before the Wyoming Medical Review Panel, commencing with the delivery and docketing of the Plaintiffs' claims to the Director of the Wyoming Medical Review Panel on January 29, 2007; the service of same on Defendant Byorth on January 31, 2007, and on the defendant corporation on February 1, 2007; the waiver by the defendants of further Medical Review Panel Proceedings on March 16, 2007; and, the Director's *Order of Dismissal* on March 19, 2007, ordering that the Plaintiffs have complied with the requirements of the Wyoming Medical Review Panel Act, that no further proceedings would take place with respect to the Panel claim, and that Plaintiffs have been "authorized to immediately pursue the claim in a court of competent jurisdiction" with the dismissal by the Director constituting "the final decision of the Medical Review Panel." Copies of the Director's *Order Correcting Docket Number,* the Director's *Notice of Service of Claim and Notice of Expert Report,* the Defendants' *Waiver of Further Medical Review Panel Proceedings by Paul J. Byorth, M.D. and Billings Otolaryngology, P.C.,* and the

Director's *Order of Dismissal* are attached hereto and incorporated herein by reference.

VII.

Sandra Smith initially saw Dr. Byorth in November of 2004.  Dr. Byorth diagnosed "pulsatile tinnitus secondary to a jugular venous hum," and recommended surgical treatment—a right-sided jugular vein ligation.  Eventually, Sandra Smith was persuaded to undergo Dr. Byorth's recommended surgical treatment, and the operation was set for July 7, 2005, in Cody, Wyoming, where Dr. Byorth occasionally saw and treated patients.

VIII.

In the course of his pre-operative, operative, and post-operative care and treatment of Sandra Smith, Dr. Byorth was careless, negligent, committed malpractice, breached his duties to Sandra Smith and her husband, and failed to conform to applicable standards of care in various respects, as a direct result of which Sandra Smith has suffered and will suffer from serious and permanent injuries, and she and her husband have each been and will be injured, damaged, and harmed, and each has sustained past and future economic and non-economic damages in amounts exceeding the jurisdictional minimum of this Court.

IX.

Without limiting the generality of the foregoing, in the course of Dr. Byorth's pre-operative examinations and meetings with Sandra Smith, he committed malpractice, was negligent, and deviated from applicable standards of care, including his failure to obtain adequate informed consent regarding the proposed surgery, and to adequately inform Sandra Smith regarding significant risks and complications of the surgery he was recommending, including the risk of sustaining serious and permanent nerve injury. Sandra Smith would not have consented to or gone forward with the recommended jugular vein ligation surgery had she been properly and adequately informed of the risks of serious and permanent nerve injury to which the surgical procedure would expose her.

X.

In the course of the surgery he performed on July 7, 2005, Dr. Byorth committed malpractice, was negligent, breached his duties to Plaintiffs, and deviated from applicable standards of care in that he carelessly and negligently injured at least two nerves innervating Sandra Smith's tongue and face. The most devastating of these nerve injuries was caused by Dr. Byorth's carelessly and negligently entrapping Sandra Smith's hypoglossal nerve within a suture, which constricted and strangulated the nerve for nearly a full year and caused permanent damage to the hypoglossal nerve.

XI.

Post-operatively, among other things, Dr. Byorth was careless, negligent, and failed to conform to applicable standards of care in concluding that it was unlikely that Sandra Smith's hypoglossal nerve had been captured within a suture, in failing to rule out that possibility, and/or in failing to timely refer her to an appropriate specialist for a thorough examination and investigation into the cause of her nerve injuries and dysfunction.

XII.

As a direct result of Dr. Byorth's above-referenced negligent and substandard medical care and treatment, Plaintiff Sandra Smith sustained bodily injuries including injury to her hypoglossal nerve and other nerves causing serious speech difficulties, facial paralysis, and other dysfunction and impairment; suffered and will suffer physical pain and discomfort; suffered and will suffer emotional distress; incurred and will incur health care expenses; suffered and will suffer losses of income and income capacity; suffered and will suffer the loss of a normal life, and a diminishment in the quality of her life and her enjoyment of life; suffered and will suffer the loss or diminishment of her ability to pursue an established lifestyle and course of life; and, was and will be otherwise injured, damaged, and harmed; and her husband, Plaintiff Rod Smith, has suffered and will suffer economic and non-economic damages, including loss of consortium, all to the Plaintiffs' individual past and future economic and non-economic damage in amounts exceeding, for each

Plaintiff, the jurisdictional minimum amount of this Court, for which Defendants

Byorth and Billings Otolaryngology, P.C., are liable.

WHEREFORE, the Plaintiffs demand judgment against the Defendants as

follows:

A.   For all past and future general and special damages to which each
     Plaintiff is entitled by law under the circumstances, together with
     prejudgment interest thereon to the extent allowed by law, in amounts
     to be determined herein;

B.   For Plaintiffs' costs of suit; and,

C.   For such other and further relief as the Court may deem to be just and
     equitable under the circumstances.

PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO

TRIABLE HEREIN.

DATED this 5th day of June, 2007.


/S/_____
Larry G. Grubbs
Lynaugh, Fitzgerald, Eiselein & Grubbs
225 North 23rd Street
P. O. Box 1729
Billings, Montana  59103-1729
Telephone:  (406) 252-3461
Telecopier:  (406) 245-2660
***ATTORNEYS FOR PLAINTIFFS***